B1 (Official Form 1)(04/13)

| United States Bankruptcy Court | Voluntary Petition |
|---|---|
| Eastern District of Louisiana | |

| Name of Debtor (if individual, enter Last, First, Middle): **DeHart, Chase Reed** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all) **xxx-xx-7907** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State): **1340 Dr. Beatrous Road Theriot, LA**    ZIP Code **70397** | Street Address of Joint Debtor (No. and Street, City, and State):    ZIP Code |
| County of Residence or of the Principal Place of Business: **Terrebonne** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):    ZIP Code | Mailing Address of Joint Debtor (if different from street address):    ZIP Code |

Location of Principal Assets of Business Debtor (if different from street address above):

**Type of Debtor**
(Form of Organization) (Check one box)

■ Individual (includes Joint Debtors)
*See Exhibit D on page 2 of this form.*
☐ Corporation (includes LLC and LLP)
☐ Partnership
☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box)

☐ Health Care Business
☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
☐ Railroad
☐ Stockbroker
☐ Commodity Broker
☐ Clearing Bank
☐ Other

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

■ Chapter 7
☐ Chapter 9
☐ Chapter 11
☐ Chapter 12
☐ Chapter 13

☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Chapter 15 Debtors**

Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Tax-Exempt Entity**
(Check box, if applicable)

☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Nature of Debts**
(Check one box)

■ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
☐ Debts are primarily business debts.

**Filing Fee** (Check one box)

■ Full Filing Fee attached

☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.

☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*

Check all applicable boxes:
☐ A plan is being filed with this petition.
☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |

Estimated Assets

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

B1 (Official Form 1)(04/13)                                                                                                            Page 2

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **DeHart, Chase Reed** |

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed:   **- None -** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>**- None -** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

<table>
<tr><td><b>Exhibit A</b></td><td><b>Exhibit B</b></td></tr>
<tr><td>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition.</td><td>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).<br><br><b>X</b>  <b>/s/ Timothy P. Kirkpatrick,            June 16, 2015</b><br>Signature of Attorney for Debtor(s)          (Date)<br><b>Timothy P. Kirkpatrick, 20251/ Mark Needham, 9914</b></td></tr>
</table>

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

■   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes)

☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1)(04/13)                                                                                                          Page 3

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **DeHart, Chase Reed** |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Chase Reed DeHart**
Signature of Debtor  **Chase Reed DeHart**

X _____
Signature of Joint Debtor

Telephone Number (If not represented by attorney)

**June 16, 2015**
Date

### Signature of Attorney*

X **/s/ Timothy P. Kirkpatrick,**
Signature of Attorney for Debtor(s)

**Timothy P. Kirkpatrick, 20251/ Mark Needham, 9914**
Printed Name of Attorney for Debtor(s)

**Kirkpatrick and Associates, LLC**
Firm Name

**3501 N. Causeway Blvd., Ste# 750**
**Metairie, LA 70002**

_____
Address

**Email: kirkpatrick@kirkpatrick-law.com**
**504-828-3311  Fax: 504-828-3314**
Telephone Number

**June 16, 2015**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
## Eastern District of Louisiana

In re   **Chase Reed DeHart**

Debtor(s)

Case No.

Chapter   **7**

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

B 1D (Official Form 1, Exhibit D) (12/09) - Cont.                                                                                    Page 2

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:   **/s/ Chase Reed DeHart**
                        **Chase Reed DeHart**

Date:   **June 16, 2015**

B6 Summary (Official Form 6 - Summary) (12/14)

# United States Bankruptcy Court
## Eastern District of Louisiana

In re    **Chase Reed DeHart**                                                    ,    Case No. _____

                                         Debtor

                                                                                    Chapter                    **7**

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 157,000.00 | | |
| B - Personal Property | Yes | 22 | 55,918.58 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 187,129.00 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 2 | | 23,444.35 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I -  Current Income of Individual Debtor(s) | Yes | 2 | | | 5,229.33 |
| J -  Current Expenditures of Individual Debtor(s) | Yes | 2 | | | 5,204.89 |
| Total Number of Sheets of ALL Schedules | | 34 | | | |
| Total Assets | | | 212,918.58 | | |
| Total Liabilities | | | | 210,573.35 | |

B 6 Summary (Official Form 6 - Summary) (12/14)

# United States Bankruptcy Court
## Eastern District of Louisiana

In re   **Chase Reed DeHart**

_____,
Debtor

Case No. _____

Chapter _____**7**_____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐  Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | 0.00 |
| Student Loan Obligations (from Schedule F) | 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0.00 |
| TOTAL | 0.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 12) | 5,229.33 |
| Average Expenses (from Schedule J, Line 22) | 5,204.89 |
| Current Monthly Income (from Form 22A-1 Line 11; OR, Form 22B Line 14; OR, Form 22C-1 Line 14 ) | 861.33 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | 0.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | 0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 0.00 |
| 4. Total from Schedule F | | 23,444.35 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 23,444.35 |

B6A (Official Form 6A) (12/07)

In re    **Chase Reed DeHart**                                                          ,        Case No. _____
                                                                          Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **1340 Dr. Beatrous Road, Theriot, LA 70397** | **Fee Simple** | - | **157,000.00** | **148,393.00** |

|  |  |  |
|---|---|---|
| Sub-Total > | **157,000.00** | (Total of this page) |
| Total > | **157,000.00** | |

  **0**   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                                                      Best Case Bankruptcy

B6B (Official Form 6B) (12/07)

In re   **Chase Reed DeHart** _____ ,   Case No. _____
                                                    Debtor

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.  Cash on hand | | **Cash on hand** | - | 10.00 |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Chase Bank Checking** | - | 6.69 |
| | | **Chase Bank Savings** | - | 1.21 |
| | | **LA Terre Federal Credit Union Checking** | - | 15.30 |
| | | **LA Terre Federal Credit Union Savings** | - | 5.88 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | | **Household goods and furnishings** | - | 7,000.00 |
| | | **Household goods and furnishings (Surrender any properly described household goods, furnishings, and other possessions legally pledged, liened and securitized; still in Debtor's possession)** | - | Unknown |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | | **Clothes** | - | 1,200.00 |
| 7.  Furs and jewelry. | | **Jewelry** | - | 400.00 |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | **Transamerica Life Insurance** | - | Unknown |
| 10. Annuities. Itemize and name each issuer. | X | | | |

Sub-Total >       8,639.08
(Total of this page)

___3___   continuation sheets attached to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **Chase Reed DeHart**                                                      ,        Case No. _____
                                                          Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | | **Debtor's mother is deceased and was 1 of 11 children. Debtor is 1 of 3 children and has a 1/33 interest in property located at 2475 Bayou Dularge Road, Theriot, LA. The value of the property is approximately 80k.** | - | 1,000.00 |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

Sub-Total >        **1,000.00**
(Total of this page)

Sheet __1__ of __3__ continuation sheets attached
to the Schedule of Personal Property

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re  **Chase Reed DeHart** _____,   Case No. _____
                                                Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2007 Saturn Aura | - | 5,000.00 |
| | | 2014 Jeep Cherokee (Surrendering) | - | 34,737.50 |
| | | 2 Four wheelers (surrendering) | - | 2,657.00 |
| | | 2001 Dodge Pickup | - | 800.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | | Earned Income Credit | - | Unknown |

Sub-Total >     43,194.50
(Total of this page)

Sheet __2__ of __3__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re   **Chase Reed DeHart**                                                    ,      Case No. _____
                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | **Any and all social security-based benefits that I/we or a member of my/our immediate family are or become entitled to receive.** | - | **Unknown** |
| | | **Possible FEMA Benefits** | - | **Unknown** |
| | | **Lawnmower (Surrendering)** | - | **3,085.00** |

| | |
|---|---|
| Sub-Total >  (Total of this page) | **3,085.00** |
| Total > | **55,918.58** |

Sheet __3__ of __3__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

## ACKNOWLEDGMENT OF RECEIPT

I acknowledge that I have received from Kirkpatrick & Associates, LLC, a copy of each of the following agreement and notices:

1. **Consultation Agreement**
2. **Notice Mandated By Section 342(b)(1) and 527(a)(1) of the Bankruptcy Code**
3. **Notice Mandated By Section 527(a)(2) of the Bankruptcy Code**
4. **Notice Mandated By Section 527(b) of the Bankruptcy Code**
5. **Notice Mandated By Section 342(b)(2) of the Bankruptcy Code**
6. **The Bankruptcy Information Sheet**

If my spouse was not present when I received a copy of these notices, I hereby also acknowledge receipt of said notices on behalf of my spouse, and promise to provide my spouse with either a copy of these notices or the opportunity to read and review the copy I received.

_Chase DeHart_
PRINT NAME

_Chase DeHart_
SIGNATURE


PRINT NAME

SIGNATURE

# KIRKPATRICK & ASSOCIATES, LLC

### Certificate of filing of tax returns

PRINT NAME: *CHASE DEHART*

I                    H                    W

I certify, under penalty of perjury, that I have filed all tax returns **that were required to have been filed** during the years: 2011, 2012, 2013 and 2014.

*Chase Dehart*                    6-9-15

SIGN                              DATE

# KIRKPATRICK & ASSOCIATES, LLC

## PAY ADVICE CERTIFICATE

I under stand that the Bankruptcy Code requires that I provide to Trustee and any party that makes timely request, all pay advices that I have received from any employer during the 60 days preceding the date of the filing of the petition. To be safe, I am providing 70 days of Pay Advices. Pay Advices include stubs or other documentation reflecting paychecks, bonuses, commissions, or any monetary consideration from an employer. I understand that the failure to fully comply with this requirement may result in my case being dismissed without hearing at any point during my case and I will not get a discharge.

I understand that my petition will be filed on **06/19/2015**
During the 60 days preceding the above date, I will have received pay advices from **1** employer(s)

The employer(s) name(s), pay frequency, and date of the issuance of my next pay advice are:

| EMPLOYER | FREQUENCY | NEXT PAY DATE |
|---|---|---|
| **A** Dolphin | Weekly | 06/18/2015 |
| **B** | | |
| **C** | | |
| | | |
| | | |

I certify that the only pay advices that I will have received during the 70 days preceding the date that my petition will be filed are listed below:

| Employer: | | | Employer: | | | Employer: | | |
|---|---|---|---|---|---|---|---|---|
| No. | Date | Gross $ | No. | Date | Gross $ | No. | Date | Gross $ |
| A1 | 06/04/15 | 925.10 | B1 | | | C1 | | |
| A2 | 06/11/15 | 2136.10 | B2 | | | C2 | | |
| A3 | | | B3 | | | C3 | | |
| A4 | | | B4 | | | C4 | | |
| A5 | | | B5 | | | C5 | | |
| A6 | | | B6 | | | C6 | | |
| A7 | | | B7 | | | C7 | | |
| A8 | | | B8 | | | C8 | | |
| A9 | | | B9 | | | C9 | | |
| A10 | | | B10 | | | C10 | | |

I certify that I understand the information provided above and the accuracy of the Pay Advice information I have provided to Kirkpatrick & Associates, LLC.

_Chan Ochat_ _____ - 6-16-15
SIGN          DATE

| CO. | DIV. | CREW. | EMPL. NO. | EMPLOYEE NAME | | TRADE | PERIOD END DATE | DEPT./LAST JOB | CHECK NO. |
|---|---|---|---|---|---|---|---|---|---|
| 2 | 0 | 0 | 96679 | CHASE DEHART | | IN. CONST. | 06/07/2015 | 12160 | 293331 |

| EARNINGS | | | | DEDUCTIONS/BENEFITS | | |
|---|---|---|---|---|---|---|
| DESCRIPTION | HOURS | RATE | AMOUNT | DESCRIPTION | AMOUNT | Y.T.D. AMOUNT |
| GULAR HOURS | 40.00 | 16.850 | 674.00 | LOUISIANA W/H | 74.05 | 99.65 |
| OVERTIME HOURS | 44.00 | 25.275 | 1,112.10 | DIRECT DEPOSIT* | 1,620.34 | 2,391.71 |
| PER DIEM | | | 350.00 | | | |

| | GROSS EARNINGS | FEDERAL WITH. TAX | F.I.C.A. | STATE TAXES | LOCAL TAXES | TOTAL TAXES/DED. | NET PAY |
|---|---|---|---|---|---|---|---|
| CURRENT | 2,136.10 | 305.07 | 136.64 | 74.05 | .00 | 515.76 | |
| Y.T.D. | 3,061.20 | 373.90 | 195.94 | 99.65 | .00 | 74.05 | **1,620.34 |

**Dolphin Services, L.L.C.**
Post Office Box DSI
400 Thompson Road
Houma, LA 70361

WHITNEY NATIONAL BANK
HOUMA, LA 70361

14-17
650

**CHECK DATE**
06/11/2015

**CHECK NO**
293331

**CHECK AMOUNT**

PAY    *******VOID CHECK******* *******VOID CHECK*******

*******VOID CHECK*******

TO
THE
ORDER
OF

**CHASE DEHART**
1340 DR. BEATROUS RD

THERIOT, LA 70397

⑆293331⑆ ⑆065000171⑆ 717275310⑈

| CO. | DIV. | CREW. | EMPL. NO. | EMPLOYEE NAME | TRADE | PERIOD END DATE | DEPT./LAST JOB | CHECK NO. |
|---|---|---|---|---|---|---|---|---|
| 2 | 0 | 0 | 96679 | CHASE DEHART | IN. CONST. | 05/31/2015 | 12160 | 293034 |

| EARNINGS | | | | DEDUCTIONS/BENEFITS | | |
|---|---|---|---|---|---|---|
| DESCRIPTION | HOURS | RATE | AMOUNT | DESCRIPTION | AMOUNT | Y.T.D. AMOUNT |
| REGULAR HOURS | 32.00 | 16.850 | 539.20 | LOUISIANA W/H | 25.60 | 25.60 |
| OVERTIME HOURS | 4.00 | 25.275 | 101.10 | DIRECT DEPOSIT* | 771.37 | 771.37 |
| TRAINING | 8.00 | 16.850 | 134.80 | | | |
| PER DIEM | | | 150.00 | | | |



| | GROSS EARNINGS | FEDERAL WITH. TAX | F.I.C.A. | STATE TAXES | LOCAL TAXES | TOTAL TAXES/DED. | NET PAY |
|---|---|---|---|---|---|---|---|
| CURRENT | 925.10 | 68.83 | 59.30 | 25.60 | .00 | 153.73 | **771.37 |
| Y.T.D. | 925.10 | 68.83 | 59.30 | 25.60 | .00 | 25.60 | |

**Dolphin Services, L.L.C.**
Post Office Box DSI
400 Thompson Road
Houma, LA 70361

WHITNEY NATIONAL BANK
HOUMA, LA 70361

14-17
650

**CHECK DATE**
06/04/2015

**CHECK NO**
293034

PAY   *******VOID CHECK*******  *******VOID CHECK*******

**CHECK AMOUNT**

*******VOID CHECK*******

TO
THE
ORDER
OF

**CHASE DEHART**
1340 DR. BEATROUS RD

THERIOT, LA 70397

⑈293034⑈ ⑆065000171⑆ 717275310⑈

# CMI Worksheet (To Compute Average Monthly Income Over Last 6 Months)   (Do NOT include any Social Security or Unemployment Benefits)   (CM1.xyz1 rev. 12/2/03)

**Client:** [handwritten] **Month ##**

| | 12.14 | 1.15 | 2.15 | 3.15 | 4.15 | 5.15 | Average | | | | | Average |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Employer:** Gross wages (including overtime, bonuses, and commission) | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ |
| **Employer:** Gross wages (including overtime, bonuses, and commission) | | | | | | | | | | | | $ |
| **Employer:** Gross wages (including overtime, bonuses, and commission) | | | | | | | | | | | | $ |
| **Employer:** Gross wages (including overtime, bonuses, and commission) | | | | | | | | | | | | $ |
| **Business Income (Sole proprietorship)** Gross receipts | 1136.00 | 0 | 0 | 0 | 873.00 | 0 | 0 | | | | | $ |
| minus necessary business expenses | 1693.50 | | | | 873 | | 691.70 | | | | | $ |
| Equals Net Business Income | 4473.00 | | | | 230 | | 401.33 | | | | | $ |
| **Net Rental Income** Gross receipts | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ |
| Minus necessary operating expenses | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ |
| Equals Net Rental Income | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ |
| **Interest, Dividends and Royalties** | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ |
| **Pension and Retirement Income** (1) Private Retirement Plan | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ |
| (2) Military Retirement | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ |
| **Regular contributions to household:** (1) Alimony or Child Support | 400. | 400 | 400 | 400 | 400 | 400 | 400 | | | | | $ |
| (2) Roommates | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ |
| (3) Contributions from family | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ |
| **Unemployment Benefits** (if law requires) | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ |
| **Income from other sources:** (1) Annuity Income Payments | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ |
| (2) Distributions from a Trust | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ |
| (3) Worker's Compensation | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ |
| (4) Disability Income (Not Soc. Sec.) | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ |
| (5) Other: | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ |
| **TOTAL FOR MONTH** | $ | $ | $ | $ | $ | $ | $ | $ | $ | $ 861.33 | $ | $ |

I verify, under penalty of perjury, that this page contains complete & accurate information as to all income I received during the last 6 months, to the best of my knowledge & based on records in my possession or under my control, (other than money received from Social Security or Unemployment).

Dated: 6-16-15    **Client Signature:** [signature]    **Co-Client Signature:** [signature]    (If joint filing)

(Note: To be signed at "Final" signing appt.)

*Chase DeHart*

## SUMMARY OF SALIENT FEATURES

| SUBJECT INFORMATION | | |
|---|---|---|
| | Subject Address | 1340 Doctor Beatrous Rd |
| | Legal Description | Lot 3, Block 44, Section 62,63,&64, T19S  R17E |
| | City | Theriot |
| | County | Terrebonne |
| | State | LA |
| | Zip Code | 70397 |
| | Census Tract | 0014.00 |
| | Map Reference | MLS# 15 |

| SALES PRICE | | |
|---|---|---|
| | Sale Price | $ 155,000 |
| | Date of Sale | 03/28/2013 |

| CLIENT | | |
|---|---|---|
| | Borrower/Client | Dehart\Chase |
| | Lender | JP Morgan Chase Bank, NA |

| DESCRIPTION OF IMPROVEMENTS | | |
|---|---|---|
| | Size (Square Feet) | 1,741 |
| | Price per Square Foot | $ 89.03 |
| | Location | N;Res. |
| | Age | 19 |
| | Condition | C3 |
| | Total Rooms | 6 |
| | Bedrooms | 3 |
| | Baths | 2.1 |

| APPRAISER | | |
|---|---|---|
| | Appraiser | Carol Mix-Severan |
| | Date of Appraised Value | 04/04/2013 |

| VALUE | | |
|---|---|---|
| | Final Estimate of Value | $ 157,000 |

No. FHA#221-5014824-703] Page #2

## Uniform Residential Appraisal Report

12-01306456-A
File # FHA#221-5014824-703

The purpose of this summary appraisal report is to provide the lender/client with an accurate, and adequately supported, opinion of the market value of the subject property.

**SUBJECT**

| | | | |
|---|---|---|---|
| Property Address 1340 Doctor Beatrous Rd | City Theriot | State LA | Zip Code 70397 |
| Borrower Dehart\Chase | Owner of Public Record Ronald J. & Melanie Gros | | County Terrebone |

Legal Description  Lot 3, Block 44, Section 62,63,&64, T19S  R17E
Assessor's Parcel # R10-40477 — Tax Year 2012 — R.E. Taxes $ 1,279
Neighborhood Name N/A — Map Reference  MLS# 15 — Census Tract 0014.00
Occupant ☒ Owner ☐ Tenant ☐ Vacant — Special Assessments $ 0 — ☐ PUD  HOA $ 0 ☐ per year ☐ per month
Property Rights Appraised ☒ Fee Simple ☐ Leasehold ☐ Other (describe)
Assignment Type ☒ Purchase Transaction ☐ Refinance Transaction ☐ Other (describe)
Lender/Client  JP Morgan Chase Bank, NA — Address  1111 Polaris Parkway 4th Floor, Columbus, OH 43240
Is the subject property currently offered for sale or has it been offered for sale in the twelve months prior to the effective date of this appraisal? ☐ Yes ☒ No
Report data source(s) used, offering price(s), and date(s).  Owner, Navica/MLS

**CONTRACT**

I ☒ did ☐ did not analyze the contract for sale for the subject purchase transaction. Explain the results of the analysis of the contract for sale or why the analysis was not performed.  Non-arms length sale;Contract price is $155,000. The buyer and seller are related.

Contract Price $ 155,000 — Date of Contract 03/28/2013 — Is the property seller the owner of public record? ☒ Yes ☐ No  Data Source(s) Assessor's Office
Is there any financial assistance (loan charges, sale concessions, gift or downpayment assistance, etc.) to be paid by any party on behalf of the borrower? ☐ Yes ☒ No
If Yes, report the total dollar amount and describe the items to be paid.  $0;;

**NEIGHBORHOOD**

Note: Race and the racial composition of the neighborhood are not appraisal factors.

| Neighborhood Characteristics | | One-Unit Housing Trends | | One-Unit Housing | | Present Land Use % | |
|---|---|---|---|---|---|---|---|
| Location ☐ Urban ☒ Suburban ☐ Rural | | Property Values ☐ Increasing ☒ Stable ☐ Declining | | PRICE $(000) | AGE (yrs) | One-Unit | 75 % |
| Built-Up ☒ Over 75% ☐ 25-75% ☐ Under 25% | | Demand/Supply ☐ Shortage ☒ In Balance ☐ Over Supply | | 26 Low | 10 | 2-4 Unit | % |
| Growth ☐ Rapid ☒ Stable ☐ Slow | | Marketing Time ☐ Under 3 mths ☒ 3-6 mths ☐ Over 6 mths | | 242 High | 60 | Multi-Family | % |
| | | | | 100 Pred. | 30 | Commercial | % |
| | | | | | | Other | 25 % |

Neighborhood Boundaries  The subject property is bounded by, Falgout Road (West), Falgout Canal (North), Bayou Guillaue Road (East), and Highway 315 (South).
Neighborhood Description  The subject property is located in a well established neighborhood with homes of average to excellent quality. The area is located in Subdivision. All utilities are easily accessed and the adequacy of police and fire protection is considered average. The area has average employment stability and average market appeal. All consumer conveniences are located within the area.Other 25%vacant land.
Market Conditions (including support for the above conclusions)  5% to 7% thirty year VA, FHA, and CNV mortgages with no discount points are readily available. 3.5% to 4.5% (ARM) Adjustable Rate Mortgages are readily available with no points. Sellers generally make minimal or no financial concessions. Homes are assessed at 10% of market value. A $7,500 Homestead Exemption is given to owner occupied properties.

**SITE**

Dimensions 105 X 200 — Area 21000 sf — Shape Rectangular — View N;Res;
Specific Zoning Classification R-1 Residential — Zoning Description Single Family Residential
Zoning Compliance ☒ Legal ☐ Legal Nonconforming (Grandfathered Use) ☐ No Zoning ☐ Illegal (describe)
Is the highest and best use of subject property as improved (or as proposed per plans and specifications) the present use? ☒ Yes ☐ No  If No, describe

| Utilities | Public | Other (describe) | | Public | Other (describe) | Off-site Improvements - Type | Public | Private |
|---|---|---|---|---|---|---|---|---|
| Electricity | ☒ | | Water | ☒ | | Street Concrete | ☒ | ☐ |
| Gas | ☒ | | Sanitary Sewer | ☐ | ☒ Septic Treatment | Alley  None | ☐ | ☐ |

FEMA Special Flood Hazard Area ☐ Yes ☒ No  FEMA Flood Zone  C — FEMA Map # 2252060475C — FEMA Map Date 05/01/1985
Are the utilities and off-site improvements typical for the market area? ☒ Yes ☐ No  If No, describe
Are there any adverse site conditions or external factors (easements, encroachments, environmental conditions, land uses, etc.)? ☐ Yes ☒ No  If Yes, describe
Louisiana is below sea level. Flood insurance is recommended. Improvement inspection by ASHI Certified Home Inspector is recommended for all homes over 15 years of age.  Appraiser does not warrant electrical, plumbing, H/C systems, roof, or mechanical items.

**IMPROVEMENTS**

| General Description | | Foundation | | Exterior Description | materials/condition | Interior | materials/condition |
|---|---|---|---|---|---|---|---|
| Units ☒ One ☐ One with Accessory Unit | ☒ Concrete Slab ☐ Crawl Space | | | Foundation Walls | Slab /Good | Floors | WD, Ceramic / Gd. |
| # of Stories 1.1 | ☐ Full Basement ☐ Partial Basement | | | Exterior Walls | Vinyl/Very Gd | Walls | Drywall/ Good |
| Type ☒ Det. ☐ Att. ☐ S-Det./End Unit | Basement Area 0 sq.ft. | | | Roof Surface | Asphalt / Very Good | Trim/Finish | Wood/Good |
| ☒ Existing ☐ Proposed ☐ Under Const. | Basement Finish 0 % | | | Gutters & Downspouts | Aluminum/Very Good | Bath Floor | Ceramic / Good |
| Design (Style) Traditional | ☐ Outside Entry/Exit ☐ Sump Pump | | | Window Type | Aluminum/Very Good | Bath Wainscot MMM / Good |
| Year Built 1994 | Evidence of ☐ Infestation | | | Storm Sash/Insulated  None | | Car Storage ☐ None |
| Effective Age (Yrs) 10 | ☐ Dampness ☐ Settlement | | | Screens  None | | ☒ Driveway  # of Cars 2 |
| Attic ☐ None | Heating ☒ FWA ☐ HWBB ☐ Radiant | | | Amenities | Woodstove(s) # 0 | Driveway Surface  Concrete |
| ☒ Drop Stair ☐ Stairs | ☐ Other | Fuel  Elec. & Gas | | ☒ Fireplace(s) # 1 | Fence None | ☐ Garage  # of Cars 0 |
| ☐ Floor ☐ Scuttle | Cooling ☒ Central Air Conditioning | | | ☒ Patio/Deck Cover ☒ Porch Covered | | ☒ Carport  # of Cars 2 |
| ☐ Finished ☐ Heated | ☐ Individual ☐ Other | | | ☐ Pool None | ☒ Other Bonus Rm | ☒ Att. ☐ Det. ☐ Built-In |

Appliances ☒ Refrigerator ☒ Range/Oven ☒ Dishwasher ☐ Disposal ☒ Microwave ☒ Washer/Dryer ☐ Other (describe)
Finished area above grade contains:  6 Rooms  3 Bedrooms  2.1 Bath(s)  1,741 Square Feet of Gross Living Area Above Grade
Additional features (special energy efficient items, etc.).  The subject property has covered porch, built in appliances, ceiling fans, and exterior lighting. No energy efficient items noted.
Describe the condition of the property (including needed repairs, deterioration, renovations, remodeling, etc.).  C3;Kitchen-updated-six to ten years ago;Bathrooms-updated-six to ten years ago;Quality of construction of the subject property is average and typical of the area. The subject property has been update for its time period.

Are there any physical deficiencies or adverse conditions that affect the livability, soundness, or structural integrity of the property? ☐ Yes ☒ No  If Yes, describe

Does the property generally conform to the neighborhood (functional utility, style, condition, use, construction, etc.)? ☒ Yes ☐ No  If No, describe

## Uniform Residential Appraisal Report

12-01306456-A
File # FHA#221-5014824-703

There are __11__ comparable properties currently offered for sale in the subject neighborhood ranging in price from $ 99,000 to $ 449,900 .

There are __17__ comparable sales in the subject neighborhood within the past twelve months ranging in sale price from $ 26,200 to $ 242,500 .

| FEATURE | SUBJECT | COMPARABLE SALE # 1 | | COMPARABLE SALE # 2 | | COMPARABLE SALE # 3 | |
|---|---|---|---|---|---|---|---|
| Address | 1340 Doctor Beatrous Rd | 145 Gaudet Dr | | 207 Saint Agnes Dr | | 115 Retreat Dr | |
| | Theriot, LA 70397 | Bourg, LA 70343 | | Bourg, LA 70343 | | Bourg, LA 70343 | |
| Proximity to Subject | | 10.55 miles NE | | 11.40 miles NE | | 11.59 miles NE | |
| Sale Price | $ 155,000 | | $ 183,000 | | $ 132,000 | | $ 149,900 |
| Sale Price/Gross Liv. Area | $ 89.03 sq.ft. | $ 97.13 sq.ft. | | $ 69.66 sq.ft. | | $ 97.85 sq.ft. | |
| Data Source(s) | | Navica/MLS#R110406C ;DOM 50 | | Navica/MLS#R110394C;DOM 268 | | Navica/MLS#R111619C;DOM 83 | |
| Verification Source(s) | | Navica/MLS and Tax Record | | Navica/MLS and Tax Record | | Navica/MLS and Tax Record | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment |
| Sales or Financing | | ArmLth | | ArmLth | | ArmLth | |
| Concessions | | FHA;3000 | | FHA;4700 | | RH;0 | |
| Date of Sale/Time | | s08/12;Unk | | s03/13;Unk | | s04/13;Unk | |
| Location | N;Res; | N;Res; | | N;Res; | | N;Res; | |
| Leasehold/Fee Simple | Fee Simple | Fee Simple | | Fee Simple | | Fee Simple | |
| Site | 21000 sf | 34887 sf | -3,472 | 8000 sf | +3,250 | 6000 sf | +3,750 |
| View | N;Res; | N;Res; | | N;Res; | | N;Res; | |
| Design (Style) | Traditional | Traditional | | Traditional | | Traditional | |
| Quality of Construction | Q3 | Q3 | | Q3 | | Q3 | |
| Actual Age | 19 | 35 | 0 | 30 | 0 | 18 | 0 |
| Condition | C3 | C3 | | C3 | | C3 | |
| Above Grade | Total Bdrms. Baths | Total Bdrms. Baths | | Total Bdrms. Baths | | Total Bdrms. Baths | |
| Room Count | 6 3 2.1 | 7 3 2.1 | 0 | 7 4 2.0 | +1,500 | 5 3 2.0 | +1,500 |
| Gross Living Area | 1,741 sq.ft. | 1,884 sq.ft. | -4,362 | 1,895 sq.ft. | -4,697 | 1,532 sq.ft. | +6,375 |
| Basement & Finished | 0sf | 0sf | | 0sf | | 0sf | |
| Rooms Below Grade | | | | | | | |
| Functional Utility | Average | Average | | Average | | Average | |
| Heating/Cooling | Cent / Cent | Cent / Cent | | Cent / Cent | | Cent / Cent | |
| Energy Efficient Items | None | Unknown | 0 | Unknown | 0 | Unknown | 0 |
| Garage/Carport | 2 Carport | 2Garage,2Carp | -6,000 | 2 Carport | | 1 Carport | +1,500 |
| Porch/Patio/Deck | Porch, Patio,Str | Porch, Patio,Str | | Porch, Patio,Str | | Porch, Patio,Str | |
| Fireplace (s) | Fireplace 1 | None | +2,000 | Fireplace 1 | | Fireplace 1 | |
| Extra | Bonus Room | None | +2,000 | None | +2,000 | None | +2,000 |
| Net Adjustment (Total) | | ☐ + ☒ - | $ -9,834 | ☒ + ☐ - | $ 2,053 | ☒ + ☐ - | $ 15,125 |
| Adjusted Sale Price | | Net Adj. 5.4% | | Net Adj. 1.6% | | Net Adj. 10.1% | |
| of Comparables | | Gross Adj. 9.7% $ 173,166 | | Gross Adj. 8.7% $ 134,053 | | Gross Adj. 10.1% $ 165,025 | |

☐ I ☒ did ☐ did not research the sale or transfer history of the subject property and comparable sales. If not, explain    There are no sales of the subject within three years of the effective date of this report.  No comparables sold within one year prior to the effective date of this report.

My research ☐ did ☒ did not reveal any prior sales or transfers of the subject property for the three years prior to the date of this appraisal.

Data Source(s)    Navica/MLS and Tax Record

My research ☐ did ☒ did not reveal any prior sales or transfers of the comparable sales for the year prior to the date of sale of the comparable sale.

Data Source(s)    Navica/MLS and Tax Record

Report the results of the research and analysis of the prior sale or transfer history of the subject property and comparable sales (report additional prior sales on page 3).

| ITEM | SUBJECT | COMPARABLE SALE #1 | COMPARABLE SALE #2 | COMPARABLE SALE #3 |
|---|---|---|---|---|
| Date of Prior Sale/Transfer | | | | |
| Price of Prior Sale/Transfer | | | | |
| Data Source(s) | Navica/MLS and Tax Record | Navica/MLS and Tax Record | Navica/MLS and Tax Record | Navica/MLS and Tax Record |
| Effective Date of Data Source(s) | 04/04/2013 | 04/04/2013 | 04/04/2013 | 04/04/2013 |

Analysis of prior sale or transfer history of the subject property and comparable sales    There are no sales of the subject within three years of the effective date of this report.  No comparables sold within one year prior to the effective date of this report.

Summary of Sales Comparison Approach    A thorough search for comparable sales was made in an attempt to find sales which bracket the final value estimated for the subject property.  After consideration of locations, sales dates, ages, sites, GLA's, conditions, physical differences, and special conditions; therefore, in the appraiser's judgment, the comparables used are the best indicators of the subject's value, although they are lower and higher in price than the final value estimated for the subject. The appraiser is not responsible for any hidden defects. Additional comments are found on page 3 of 6.

Indicated Value by Sales Comparison Approach $  157,000

Indicated Value by: Sales Comparison Approach $  157,000  Cost Approach (if developed) $  164,067  Income Approach (if developed) $

Strongest emphasis of market value was given on Sales Comparable Approach because it best reflects the actions and attitudes of buyers and sellers in the market.  The income approach was not needed. This is not a rental property.

This appraisal is made ☐ "as is", ☐ subject to completion per plans and specifications on the basis of a hypothetical condition that the improvements have been completed, ☒ subject to the following repairs or alterations on the basis of a hypothetical condition that the repairs or alterations have been completed, or ☐ subject to the following required inspection based on the extraordinary assumption that the condition or deficiency does not require alteration or repair: Missing railing.

Based on a complete visual inspection of the interior and exterior areas of the subject property, defined scope of work, statement of assumptions and limiting conditions, and appraiser's certification, my (our) opinion of the market value, as defined, of the real property that is the subject of this report is $  157,000 , as of  04/04/2013 , which is the date of inspection and the effective date of this appraisal.

Freddie Mac Form 70 March 2005                UAD Version 9/2011   Page 2 of 6                Fannie Mae Form 1004 March 2005

Form 1004UAD — "WinTOTAL" appraisal software by a la mode, inc. — 1-800-ALAMODE

## Uniform Residential Appraisal Report

12-01306456-A
File # FHA#221-5014824-703

**ADDITIONAL COMMENTS**

Cost Approach: The cost approach was attempted as a requirement of the client. Because there is insufficient market evidence to credibly support the (site value/derivation of total depreciation), the cost approach is not given any consideration in the final analysis. The scope and type of information analyzed in this approach may not be appropriate for other uses. Code 1. Subject property does conform to HUD/FHA minimal property standard. The property meets HUD handbook 4905.1 and 4150.2,The subject meets minimum requirements of HUD Handbooks 4150.2 and 4905.1'. Photo was taken of the attic. The appraiser did a head and shoulder inspection of the attic of what can be viewed. The mechanical systems were in working order at the time of inspection.

The appraiser made a detailed search for comparables that were compatible to the subject property. The search parameters used were, GLA range from 1,500 sq.ft to 2,000 sq.ft., sold date 04/04/2012 to 04/04/2013, city of Thenot, Bourg,Houma parish of Terrebonne and MLS area #15 only. The appraiser had to cross a major street, go over 1+ mile, and exceed the appraisal date by more than 6 months to find comparables that were compatible to the subject property in quality of construction, gross living size, and condition. The subject property and the comparables are no from the same neighborhoods. There are a scarce number of comparables available. Fannie Mae six month guidelines were exceeded due to the lack of recently closed comparables similar in lot size, age, condition, bedroom count, bathroom count, GLA, and proximity. No location adjustment were made, the subject and comparables are in similar neighborhood. The utilities were on and appear to be in normal proper working condition at the time of inspection. No Plat Map available. Site size was obtained from the assessor's office. There are a scarce number of comparables available. Site size was obtained from the assessor's office. The subject's site size does not affect its value or marketability. Site adjustments were made based upon the contributory value of the land per dollar a square footage basis. The appraiser was unable to find any comparables that bracket the subject property's lot size at the time of inspection. The subject property's lot size is not over sized for the area. The appraiser made a $0.25 per square foot adjustment for excess land across the board. No bedroom adjustment was needed. The subject's market is not showing a preference for the difference in the bedroom count. Bedroom count was included in the overall GLA adjustment. No age adjustment were made subject and comparables are in similar condition. The appraiser made $1,500 on half bathroom adjustment and $2,000 for full bathroom adjustment, The appraiser made a $3,000 one car garage adjustment and $1,500 one carport adjustment for garage/carport. The appraiser made a $2,000 fireplace adjustment for non fireplace. The appraiser made a $250 adjustment for workshop, storage, porch and patio adjustments. The appraiser made $2,000 adjustment for the deattached bonus room with bathroom. The appraiser was unable to find a deattached bonus room at the time of inspection.The adjustments made are common and typical in the area. The appraiser used match pair analysis and historic paired sales analysis to determined adjustments. The sewage treatment has no negative effect on the value or marketability. The sewage treatment is common in the area. No city sewer is available now. Estimated cost for public sewer when it becomes available is $760.00+. The subject property is below the predominant due to lot size, GLA size and amenities of the comparables. The opinion of value is below the predominant value for the neighborhood. The predominant value is an average sale taken from the neighborhood of houses that are dissimilar or similar to the subject property. The interior photos of the comparables used by the appraiser were viewed on the MLS. The spread between the unadjusted and adjusted sales prices and listing prices is larger than typical due to the availability of sales that are similar to the subject in one or more attributes to the subject. The appraiser arrived at the reconciled opinion of value base upon the mid-range of the three closed sale comparables.  A match paired analysis was used to determine adjustments. There is a large price range in one housing units section due to the condition of the comparables. The market exposure time for the subject property is approximately 50 to 268 days. The MLS used was Bayou Realtor MLS (NAVICA Revolution) for comparables and DOM. These were the best comparables at the time of the inspection. The market value is showing 97% ratio of the sold/listing price for the year. The predominant value is coming from the average sales price gathered from the statistics of the subject's neighborhood. Other adjustments were made accordingly. These comparables are considered to be the best available. Comparables #4, #5 and #6 are listing.  The market value is showing 97% ratio of the sold/listing price for the year. The predominant value is coming from the average sales price gathered from the statistics of the subject's neighborhood. They do not have a listing date on the MLS Bayou Realtor MLS (NAVICA Revolution) does not put a listing date so the comparables expiration dates are unknown.  It is unknown what listings have been withdrawn, under contract, or how long they have been listed. The appraiser used present dates for comparables #4, #5 and #6. There are 11 listing shows in the subject property area. There were 17 sales are not representative of the subject's market, but rather the broader market of MLS area #15. The appraisal was able to obtain real estate tax from online assessor's office information. The amount shown online is $1,279.37 balance for the year of 2012. Abstract title is recommended. Cost of cure for estimated missing railing $200.00. The owner have been own the subject property since 1994. No record find on the MLS Bayou Realtor MLS (NAVICA Revolution). Terrebonne Assessor's office online show tax roll up to 2001 for the owner (Ronald J. & Melanie Gros).

### COST APPROACH TO VALUE (not required by Fannie Mae)

Provide adequate information for the lender/client to replicate the below cost figures and calculations.

Support for the opinion of site value (summary of comparable land sales or other methods for estimating site value)    Site value was derived by the extraction method using sales comparable. The site adjustment was based upon the contributory value of the land and not a dollar per sq. ft. basis.

**COST APPROACH**

| ESTIMATED ☐ REPRODUCTION OR ☒ REPLACEMENT COST NEW | OPINION OF SITE VALUE | | | =$ | 39,905 |
|---|---|---|---|---|---|
| Source of cost data  Local construction Costs & Marshall | DWELLING | 1,741 Sq.Ft. @ $ | 80.00 | =$ | 139,280 |
| Quality rating from cost service  Q3    Effective date of cost data  04/04/2013 | 0 Sq.Ft. @ $ | | | =$ | |
| Comments on Cost Approach (gross living area calculations, depreciation, etc.) | | | | =$ | |
| Average Marshall and Swift Cost Estimates were used to establish | Garage/Carport | 528 Sq.Ft. @ $ | 15.00 | =$ | 7,920 |
| replacement cost new. | Total Estimate of Cost-New | | | =$ | 147,200 |
| | Less    Physical    Functional    External | | | | |
| | Depreciation    24,538 | | | =$( | 24,538) |
| | Depreciated Cost of Improvements | | | =$ | 122,662 |
| | "As-Is" Value of Site Improvements | | | =$ | 1,500 |
| Estimated Remaining Economic Life (HUD and VA only)    50 Years | INDICATED VALUE BY COST APPROACH | | | =$ | 164,067 |

**INCOME**

### INCOME APPROACH TO VALUE (not required by Fannie Mae)

| Estimated Monthly Market Rent $ | X Gross Rent Multiplier | = $ | Indicated Value by Income Approach |
|---|---|---|---|

Summary of Income Approach (including support for market rent and GRM)

### PROJECT INFORMATION FOR PUDs (if applicable)

**PUD INFORMATION**

Is the developer/builder in control of the Homeowners' Association (HOA)?  ☐ Yes  ☐ No    Unit type(s) ☐ Detached ☐ Attached

Provide the following information for PUDs ONLY if the developer/builder is in control of the HOA and the subject property is an attached dwelling unit.

Legal Name of Project

| Total number of phases | Total number of units | Total number of units sold | |
|---|---|---|---|
| Total number of units rented | Total number of units for sale | Data source(s) | |

Was the project created by the conversion of existing building(s) into a PUD?  ☐ Yes   ☐ No  If Yes, date of conversion.

Does the project contain any multi-dwelling units?  ☐ Yes   ☐ No  Data Source

Are the units, common elements, and recreation facilities complete?  ☐ Yes   ☐ No  If No, describe the status of completion.

Are the common elements leased to or by the Homeowners' Association?  ☐ Yes   ☐ No  If Yes, describe the rental terms and options.

Describe common elements and recreational facilities.

Uniform Residential Appraisal Report

12-01306456-A
File # FHA#221-5014824-703

This report form is designed to report an appraisal of a one-unit property or a one-unit property with an accessory unit; including a unit in a planned unit development (PUD). This report form is not designed to report an appraisal of a manufactured home or a unit in a condominium or cooperative project.

This appraisal report is subject to the following scope of work, intended use, intended user, definition of market value, statement of assumptions and limiting conditions, and certifications. Modifications, additions, or deletions to the intended use, intended user, definition of market value, or assumptions and limiting conditions are not permitted. The appraiser may expand the scope of work to include any additional research or analysis necessary based on the complexity of this appraisal assignment. Modifications or deletions to the certifications are also not permitted. However, additional certifications that do not constitute material alterations to this appraisal report, such as those required by law or those related to the appraiser's continuing education or membership in an appraisal organization, are permitted.

**SCOPE OF WORK:** The scope of work for this appraisal is defined by the complexity of this appraisal assignment and the reporting requirements of this appraisal report form, including the following definition of market value, statement of assumptions and limiting conditions, and certifications. The appraiser must, at a minimum: (1) perform a complete visual inspection of the interior and exterior areas of the subject property, (2) inspect the neighborhood, (3) inspect each of the comparable sales from at least the street, (4) research, verify, and analyze data from reliable public and/or private sources, and (5) report his or her analysis, opinions, and conclusions in this appraisal report.

**INTENDED USE:** The intended use of this appraisal report is for the lender/client to evaluate the property that is the subject of this appraisal for a mortgage finance transaction.

**INTENDED USER:** The intended user of this appraisal report is the lender/client.

**DEFINITION OF MARKET VALUE:** The most probable price which a property should bring in a competitive and open market under all conditions requisite to a fair sale, the buyer and seller, each acting prudently, knowledgeably and assuming the price is not affected by undue stimulus. Implicit in this definition is the consummation of a sale as of a specified date and the passing of title from seller to buyer under conditions whereby: (1) buyer and seller are typically motivated; (2) both parties are well informed or well advised, and each acting in what he or she considers his or her own best interest; (3) a reasonable time is allowed for exposure in the open market; (4) payment is made in terms of cash in U. S. dollars or in terms of financial arrangements comparable thereto; and (5) the price represents the normal consideration for the property sold unaffected by special or creative financing or sales concessions* granted by anyone associated with the sale.

*Adjustments to the comparables must be made for special or creative financing or sales concessions. No adjustments are necessary for those costs which are normally paid by sellers as a result of tradition or law in a market area; these costs are readily identifiable since the seller pays these costs in virtually all sales transactions. Special or creative financing adjustments can be made to the comparable property by comparisons to financing terms offered by a third party institutional lender that is not already involved in the property or transaction. Any adjustment should not be calculated on a mechanical dollar for dollar cost of the financing or concession but the dollar amount of any adjustment should approximate the market's reaction to the financing or concessions based on the appraiser's judgment.

**STATEMENT OF ASSUMPTIONS AND LIMITING CONDITIONS:** The appraiser's certification in this report is subject to the following assumptions and limiting conditions:

1. The appraiser will not be responsible for matters of a legal nature that affect either the property being appraised or the title to it, except for information that he or she became aware of during the research involved in performing this appraisal. The appraiser assumes that the title is good and marketable and will not render any opinions about the title.

2. The appraiser has provided a sketch in this appraisal report to show the approximate dimensions of the improvements. The sketch is included only to assist the reader in visualizing the property and understanding the appraiser's determination of its size.

3. The appraiser has examined the available flood maps that are provided by the Federal Emergency Management Agency (or other data sources) and has noted in this appraisal report whether any portion of the subject site is located in an identified Special Flood Hazard Area. Because the appraiser is not a surveyor, he or she makes no guarantees, express or implied, regarding this determination.

4. The appraiser will not give testimony or appear in court because he or she made an appraisal of the property in question, unless specific arrangements to do so have been made beforehand, or as otherwise required by law.

5. The appraiser has noted in this appraisal report any adverse conditions (such as needed repairs, deterioration, the presence of hazardous wastes, toxic substances, etc.) observed during the inspection of the subject property or that he or she became aware of during the research involved in performing the appraisal. Unless otherwise stated in this appraisal report, the appraiser has no knowledge of any hidden or unapparent physical deficiencies or adverse conditions of the property (such as, but not limited to, needed repairs, deterioration, the presence of hazardous wastes, toxic substances, adverse environmental conditions, etc.) that would make the property less valuable, and has assumed that there are no such conditions and makes no guarantees or warranties, express or implied. The appraiser will not be responsible for any such conditions that do exist or for any engineering or testing that might be required to discover whether such conditions exist. Because the appraiser is not an expert in the field of environmental hazards, this appraisal report must not be considered as an environmental assessment of the property.

6. The appraiser has based his or her appraisal report and valuation conclusion for an appraisal that is subject to satisfactory completion, repairs, or alterations on the assumption that the completion, repairs, or alterations of the subject property will be performed in a professional manner.

## Uniform Residential Appraisal Report

12-01306456-A
File # FHA#221-5014824-703

**APPRAISER'S CERTIFICATION:** The Appraiser certifies and agrees that:

1. I have, at a minimum, developed and reported this appraisal in accordance with the scope of work requirements stated in this appraisal report.

2. I performed a complete visual inspection of the interior and exterior areas of the subject property. I reported the condition of the improvements in factual, specific terms. I identified and reported the physical deficiencies that could affect the livability, soundness, or structural integrity of the property.

3. I performed this appraisal in accordance with the requirements of the Uniform Standards of Professional Appraisal Practice that were adopted and promulgated by the Appraisal Standards Board of The Appraisal Foundation and that were in place at the time this appraisal report was prepared.

4. I developed my opinion of the market value of the real property that is the subject of this report based on the sales comparison approach to value. I have adequate comparable market data to develop a reliable sales comparison approach for this appraisal assignment. I further certify that I considered the cost and income approaches to value but did not develop them, unless otherwise indicated in this report.

5. I researched, verified, analyzed, and reported on any current agreement for sale for the subject property, any offering for sale of the subject property in the twelve months prior to the effective date of this appraisal, and the prior sales of the subject property for a minimum of three years prior to the effective date of this appraisal, unless otherwise indicated in this report.

6. I researched, verified, analyzed, and reported on the prior sales of the comparable sales for a minimum of one year prior to the date of sale of the comparable sale, unless otherwise indicated in this report.

7. I selected and used comparable sales that are locationally, physically, and functionally the most similar to the subject property.

8. I have not used comparable sales that were the result of combining a land sale with the contract purchase price of a home that has been built or will be built on the land.

9. I have reported adjustments to the comparable sales that reflect the market's reaction to the differences between the subject property and the comparable sales.

10. I verified, from a disinterested source, all information in this report that was provided by parties who have a financial interest in the sale or financing of the subject property.

11. I have knowledge and experience in appraising this type of property in this market area.

12. I am aware of, and have access to, the necessary and appropriate public and private data sources, such as multiple listing services, tax assessment records, public land records and other such data sources for the area in which the property is located.

13. I obtained the information, estimates, and opinions furnished by other parties and expressed in this appraisal report from reliable sources that I believe to be true and correct.

14. I have taken into consideration the factors that have an impact on value with respect to the subject neighborhood, subject property, and the proximity of the subject property to adverse influences in the development of my opinion of market value. I have noted in this appraisal report any adverse conditions (such as, but not limited to, needed repairs, deterioration, the presence of hazardous wastes, toxic substances, adverse environmental conditions, etc.) observed during the inspection of the subject property or that I became aware of during the research involved in performing this appraisal. I have considered these adverse conditions in my analysis of the property value, and have reported on the effect of the conditions on the value and marketability of the subject property.

15. I have not knowingly withheld any significant information from this appraisal report and, to the best of my knowledge, all statements and information in this appraisal report are true and correct.

16. I stated in this appraisal report my own personal, unbiased, and professional analysis, opinions, and conclusions, which are subject only to the assumptions and limiting conditions in this appraisal report.

17. I have no present or prospective interest in the property that is the subject of this report, and I have no present or prospective personal interest or bias with respect to the participants in the transaction. I did not base, either partially or completely, my analysis and/or opinion of market value in this appraisal report on the race, color, religion, sex, age, marital status, handicap, familial status, or national origin of either the prospective owners or occupants of the subject property or of the present owners or occupants of the properties in the vicinity of the subject property or on any other basis prohibited by law.

18. My employment and/or compensation for performing this appraisal or any future or anticipated appraisals was not conditioned on any agreement or understanding, written or otherwise, that I would report (or present analysis supporting) a predetermined specific value, a predetermined minimum value, a range or direction in value, a value that favors the cause of any party, or the attainment of a specific result or occurrence of a specific subsequent event (such as approval of a pending mortgage loan application).

19. I personally prepared all conclusions and opinions about the real estate that were set forth in this appraisal report. If I relied on significant real property appraisal assistance from any individual or individuals in the performance of this appraisal or the preparation of this appraisal report, I have named such individual(s) and disclosed the specific tasks performed in this appraisal report. I certify that any individual so named is qualified to perform the tasks. I have not authorized anyone to make a change to any item in this appraisal report; therefore, any change made to this appraisal is unauthorized and I will take no responsibility for it.

20. I identified the lender/client in this appraisal report who is the individual, organization, or agent for the organization that ordered and will receive this appraisal report.

No. FHA#221-5014824-703  Page #7

## Uniform Residential Appraisal Report

12-01306456-A
File # FHA#221-5014824-703

21. The lender/client may disclose or distribute this appraisal report to: the borrower; another lender at the request of the borrower; the mortgagee or its successors and assigns; mortgage insurers; government sponsored enterprises; other secondary market participants; data collection or reporting services; professional appraisal organizations; any department, agency, or instrumentality of the United States; and any state, the District of Columbia, or other jurisdictions; without having to obtain the appraiser's or supervisory appraiser's (if applicable) consent. Such consent must be obtained before this appraisal report may be disclosed or distributed to any other party (including, but not limited to, the public through advertising, public relations, news, sales, or other media).

22. I am aware that any disclosure or distribution of this appraisal report by me or the lender/client may be subject to certain laws and regulations. Further, I am also subject to the provisions of the Uniform Standards of Professional Appraisal Practice that pertain to disclosure or distribution by me.

23. The borrower, another lender at the request of the borrower, the mortgagee or its successors and assigns, mortgage insurers, government sponsored enterprises, and other secondary market participants may rely on this appraisal report as part of any mortgage finance transaction that involves any one or more of these parties.

24. If this appraisal report was transmitted as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or a facsimile transmission of this appraisal report containing a copy or representation of my signature, the appraisal report shall be as effective, enforceable and valid as if a paper version of this appraisal report were delivered containing my original hand written signature.

25. Any intentional or negligent misrepresentation(s) contained in this appraisal report may result in civil liability and/or criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Section 1001, et seq., or similar state laws.

SUPERVISORY APPRAISER'S CERTIFICATION: The Supervisory Appraiser certifies and agrees that:

1. I directly supervised the appraiser for this appraisal assignment, have read the appraisal report, and agree with the appraiser's analysis, opinions, statements, conclusions, and the appraiser's certification.

2. I accept full responsibility for the contents of this appraisal report including, but not limited to, the appraiser's analysis, opinions, statements, conclusions, and the appraiser's certification.

3. The appraiser identified in this appraisal report is either a sub-contractor or an employee of the supervisory appraiser (or the appraisal firm), is qualified to perform this appraisal, and is acceptable to perform this appraisal under the applicable state law.

4. This appraisal report complies with the Uniform Standards of Professional Appraisal Practice that were adopted and promulgated by the Appraisal Standards Board of The Appraisal Foundation and that were in place at the time this appraisal report was prepared.

5. If this appraisal report was transmitted as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or a facsimile transmission of this appraisal report containing a copy or representation of my signature, the appraisal report shall be as effective, enforceable and valid as if a paper version of this appraisal report were delivered containing my original hand written signature.

| APPRAISER | SUPERVISORY APPRAISER (ONLY IF REQUIRED) |
|---|---|
| Signature _Carol Mix-Severan_ | Signature |
| Name Carol Mix-Severan | Name |
| Company Name Severan Consulting Service | Company Name |
| Company Address 29 Oakley Drive | Company Address |
| Marrero, LA 70072 | |
| Telephone Number (504) 341-2441 | Telephone Number |
| Email Address office@scs.nocoxmail.com | Email Address |
| Date of Signature and Report 04/07/2013 | Date of Signature |
| Effective Date of Appraisal 04/04/2013 | State Certification # |
| State Certification # 1132 | or State License # |
| or State License # | State |
| or Other (describe) _____ State # | Expiration Date of Certification or License |
| State LA | |
| Expiration Date of Certification or License 12/31/2013 | SUBJECT PROPERTY |
| ADDRESS OF PROPERTY APPRAISED | ☐ Did not inspect subject property |
| 1340 Doctor Beatrous Rd | ☐ Did inspect exterior of subject property from street |
| Theriot, LA 70397 | Date of Inspection |
| APPRAISED VALUE OF SUBJECT PROPERTY $ 157,000 | ☐ Did inspect interior and exterior of subject property |
| LENDER/CLIENT | Date of Inspection |
| Name Solutionstar Settlement Services | |
| Company Name JP Morgan Chase Bank, NA | COMPARABLE SALES |
| Company Address 1111 Polaris Parkway 4th Floor, Columbus, OH | |
| 43240 | ☐ Did not inspect exterior of comparable sales from street |
| Email Address N/A | ☐ Did inspect exterior of comparable sales from street |
| | Date of Inspection |

Page No. FHA#221-5014824-703] Page #8]

## Uniform Residential Appraisal Report

12-01306456-A
File # FHA#221-5014824-703

| FEATURE | SUBJECT | COMPARABLE SALE #4 | | COMPARABLE SALE #5 | | COMPARABLE SALE #6 | |
|---|---|---|---|---|---|---|---|
| Address | 1340 Doctor Beatrous Rd | 340 Highridge Dr | | 129 Saint Agnes Dr | | 117 Guidry St | |
| | Theriot, LA 70397 | Houma, LA 70363 | | Bourg, LA 70343 | | Bourg, LA 70343 | |
| Proximity to Subject | | 2.93 miles N | | 11.52 miles NE | | 11.28 miles NE | |
| Sale Price | $ 155,000 | $ 135,000 | | $ 169,000 | | $ 179,900 | |
| Sale Price/Gross Liv. Area | $ 89.03 sq.ft. | $ 81.87 sq.ft. | | $ 112.67 sq.ft. | | $ 76.88 sq.ft. | |
| Data Source(s) | | Navica/MLS#108538C;DOM 205 | | Navica/MLS#111172;DOM 0 | | Navica/MLS#111808;DOM 0 | |
| Verification Source(s) | | Navica/MLS and Tax Record | | Navica/MLS and Tax Record | | Navica/MLS and Tax Record | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment |
| Sales or Financing | | ArmLth | | Listing | -5,070 | Listing | -5,397 |
| Concessions | | FHA;6723 | -6,723 | Listing;0 | | Listing;0 | |
| Date of Sale/Time | | s05/12;Unk | | Active | | Active | |
| Location | N;Res; | N;Res; | | N;Res; | | N;Res; | |
| Leasehold/Fee Simple | Fee Simple | Fee Simple | | Fee Simple | | Fee Simple | |
| Site | 21000 sf | 15015 sf | +1,496 | 14400 sf | +1,605 | 17920 sf | +770 |
| View | N;Res; | N;Res; | | N;Res; | | N;Res; | |
| Design (Style) | Traditional | Traditional | | Traditional | | Traditional | |
| Quality of Construction | Q3 | Q3 | | Q3 | | Q3 | |
| Actual Age | 19 | 33 | 0 | 38 | 0 | 33 | 0 |
| Condition | C3 | C3 | | C3 | | C3 | |
| Above Grade | Total | Bdrms. | Baths | Total | Bdrms. | Baths | Total | Bdrms. | Baths | Total | Bdrms. | Baths |
| Room Count | 6 | 3 | 2.1 | 5 | 3 | 2.0 | +1,500 | 7 | 3 | 1.1 | +2,000 | 7 | 4 | 2.0 | +1,500 |
| Gross Living Area | 1,741 sq.ft. | 1,649 sq.ft. | +2,806 | 1,500 sq.ft. | +7,351 | 2,340 sq.ft. | -18,270 |
| Basement & Finished | 0sf | 0sf | | 0sf | | 0sf | |
| Rooms Below Grade | | | | | | | |
| Functional Utility | Average | Average | | Average | | Average | |
| Heating/Cooling | Cent / Cent | Cent / Cent | | Cent / Cent | | Cent / Cent | |
| Energy Efficient Items | None | Unknown | 0 | Unknown | 0 | Unknown | 0 |
| Garage/Carport | 2 Carport | 2Garage,2Carp | -6,000 | 2 Carport | 0 | 1 Carport | +1,500 |
| Porch/Patio/Deck | Porch, Patio,Str | Porch,Patio,Wk | 0 | Porch, Patio,Wk | 0 | Porch,Patio,Wk | 0 |
| Fireplace (s) | Fireplace 1 | Fireplace 1 | | Fireplace 1 | | Fireplace 1 | |
| Extra | Bonus Room | None | +2,000 | None | +2,000 | None | +2,000 |
| Net Adjustment (Total) | | ☐ + ☒ - $ | -4,921 | ☒ + ☐ - $ | 7,886 | ☐ + ☒ - $ | -17,897 |
| Adjusted Sale Price | | Net Adj. 3.6 % | | Net Adj. 4.7 % | | Net Adj. 9.9 % | |
| of Comparables | | Gross Adj. 15.2 % $ | 130,079 | Gross Adj. 10.7 % $ | 176,886 | Gross Adj. 16.4 % $ | 162,003 |

Report the results of the research and analysis of the prior sale or transfer history of the subject property and comparable sales (report additional prior sales on page 3).

| ITEM | SUBJECT | COMPARABLE SALE #4 | COMPARABLE SALE #5 | COMPARABLE SALE #6 |
|---|---|---|---|---|
| Date of Prior Sale/Transfer | | | | |
| Price of Prior Sale/Transfer | | | | |
| Data Source(s) | Navica/MLS and Tax Record | Navica/MLS and Tax Record | Navica/MLS and Tax Record | Navica/MLS and Tax Record |
| Effective Date of Data Source(s) | 04/04/2013 | 04/04/2013 | 04/04/2013 | 04/04/2013 |

Analysis of prior sale or transfer history of the subject property and comparable sales   There are no sales of the subject within three years of the effective date of this report. No comparables sold within one year prior to the effective date of this report.

Analysis/Comments

Form 1004UAD.(AC) — "WinTOTAL" appraisal software by a la mode, inc. — 1-800-ALAMODE

File No. FHA#221-5014824-703) Page #9)

12-01306456-A

## Market Conditions Addendum to the Appraisal Report

File No.   FHA#221-5014824-703

The purpose of this addendum is to provide the lender/client with a clear and accurate understanding of the market trends and conditions prevalent in the subject neighborhood. This is a required addendum for all appraisal reports with an effective date on or after April 1, 2009.

| Property Address | 1340 Doctor Beatrous Rd | City | Theriot | State | LA | ZIP Code | 70397 |
|---|---|---|---|---|---|---|---|
| Borrower | Dehart\Chase | | | | | | |

Instructions: The appraiser must use the information required on this form as the basis for his/her conclusions, and must provide support for those conclusions, regarding housing trends and overall market conditions as reported in the Neighborhood section of the appraisal report form. The appraiser must fill in all the information to the extent it is available and reliable and must provide analysis as indicated below. If any required data is unavailable or is considered unreliable, the appraiser must provide an explanation. It is recognized that not all data sources will be able to provide data for the shaded areas below; if it is available, however, the appraiser must include the data in the analysis. If data sources provide the required information as an average instead of the median, the appraiser should report the available figure and identify it as an average. Sales and listings must be properties that compete with the subject property, determined by applying the criteria that would be used by a prospective buyer of the subject property. The appraiser must explain any anomalies in the data, such as seasonal markets, new construction, foreclosures, etc.

| Inventory Analysis | Prior 7–12 Months | Prior 4–6 Months | Current – 3 Months | Overall Trend | | |
|---|---|---|---|---|---|---|
| Total # of Comparable Sales (Settled) | 7 | 4 | 6 | ☐ Increasing | ☒ Stable | ☐ Declining |
| Absorption Rate (Total Sales/Months) | 1.17 | 1.33 | 2.00 | ☐ Increasing | ☒ Stable | ☐ Declining |
| Total # of Comparable Active Listings | 0 | 0 | 11 | ☐ Declining | ☒ Stable | ☐ Increasing |
| Months of Housing Supply (Total Listings/Ab.Rate) | 0 | 0 | 5.5 | ☐ Declining | ☒ Stable | ☐ Increasing |
| Median Sale & List Price, DOM, Sale/List % | Prior 7–12 Months | Prior 4–6 Months | Current – 3 Months | Overall Trend | | |
| Median Comparable Sale Price | 123,171 | 52,750 | 100,240 | ☐ Increasing | ☒ Stable | ☐ Declining |
| Median Comparable Sales Days on Market | 151 | 151 | 124 | ☐ Declining | ☒ Stable | ☐ Increasing |
| Median Comparable List Price | 0 | 0 | 200,000 | ☐ Increasing | ☒ Stable | ☐ Declining |
| Median Comparable Listings Days on Market | 0 | 0 | N/A | ☐ Declining | ☒ Stable | ☐ Increasing |
| Median Sale Price as % of List Price | 0 | 0 | 0 | ☐ Increasing | ☒ Stable | ☐ Declining |

Seller-(developer, builder, etc.)paid financial assistance prevalent? ☐ Yes ☒ No

Explain in detail the seller concessions trends for the past 12 months (e.g., seller contributions increased from 3% to 5%, increasing use of buydowns, closing costs, condo fees, options, etc.).   Warranties and closing cost are typical as a seller concession.

Are foreclosure sales (REO sales) a factor in the market? ☐ Yes ☒ No   If yes, explain (including the trends in listings and sales of foreclosed properties).
The information that was obtained from the MLS did show few foreclosure, but not enough to impact the subject property's market area.

Cite data sources for above information.   Data obtained from the MLS Bayou Realtor (NAVICA Revolution) does not put a listing date so the comparables expiration dates are unknown which is not reliable, because it is unknown what listings have been withdrawn, under contract, or how long they have been listed.

Summarize the above information as support for your conclusions in the Neighborhood section of the appraisal report form. If you used any additional information, such as an analysis of pending sales and/or expired and withdrawn listings, to formulate your conclusions, provide both an explanation and support for your conclusions.
The overall market appears to be stable. Supply and demand appears to be in balance with typical market time over 90+ days. Seller concessions appears to be typical. Due to the lack of available data in the subject's market. The appraiser had to make a market analysis of the MLS Area # 15 - Un-incorporated areas of Houma below AREA 10. This area includes Bourg, Montegut, Point-au-Chene, Little Caillou, Chauvin, Cocodrie, Boudreaux, Bobtown, Dulac, Bayou Dularge, Theriot and Falgout Canal area.. The subject property's quality of construction, gross living size, age and condition was used. There have not been enough sales to reliably indicate market value trends.

If the subject is a unit in a condominium or cooperative project , complete the following:   Project Name:

| Subject Project Data | Prior 7–12 Months | Prior 4–6 Months | Current – 3 Months | Overall Trend | | |
|---|---|---|---|---|---|---|
| Total # of Comparable Sales (Settled) | | | | ☐ Increasing | ☐ Stable | ☐ Declining |
| Absorption Rate (Total Sales/Months) | | | | ☐ Increasing | ☐ Stable | ☐ Declining |
| Total # of Active Comparable Listings | | | | ☐ Declining | ☐ Stable | ☐ Increasing |
| Months of Unit Supply (Total Listings/Ab.Rate) | | | | ☐ Declining | ☐ Stable | ☐ Increasing |

Are foreclosure sales (REO sales) a factor in the project? ☐ Yes ☐ No   If yes, indicate the number of REO listings and explain the trends in listings and sales of foreclosed properties.

Summarize the above trends and address the impact on the subject unit and project.

| Signature | Signature | | |
|---|---|---|---|
| Appraiser Name   Carol Mix-Severan | Supervisory Appraiser Name | | |
| Company Name   Severan Consulting Service | Company Name | | |
| Company Address   29 Oakley Drive, Marrero, LA 70072 | Company Address | | |
| State License/Certification #   1132   State   LA | State License/Certification # | | State |
| Email Address   office@scs.nocoxmail.com | Email Address | | |

Form 1004MC2 — "WinTOTAL" appraisal software by a la mode, inc. — 1-800-ALAMODE

## Flood Map

| Borrower/Client | Dehart\Chase | | | | |
|---|---|---|---|---|---|
| Property Address | 1340 Doctor Beatrous Rd | | | | |
| City | Theriot | County  Terrebonne | | State  LA | Zip Code  70397 |
| Lender | JP Morgan Chase Bank, NA | | | | |



**Prepared for:**
Severan Consulting Services

1340 Dr Beatrous Road
Theriot, LA 70397

InterFlood
by a la mode
www.interflood.com • 1-800-252-6633

ZONE A
BAYOU DU LARGE
ZONE C
ZONE C
NE

**FLOODSCAPE**

Flood Hazards Map

Map Number
2252060475C

Effective Date
May 1, 1985

0'    2000'    4000'    6000'    8000'

Powered by FloodSource
877.77.FLOOD
www.floodsource.com

© 1999-2012 SourceProse and/or FloodSource Corporations. All rights reserved. Patents 6,631,325 and 6,678,615. Other patents pending.  For info: info@floodsource.com.

# Appraiser Qualification of Carol Mix-Severan, MRA

Severan Consulting Service, 29 Oakley Drive, Marrero, LA 70072-4396

Tel. (504) 341-2441                                    Cellular (504) 234-7754

Email: office@scs.mecoxmail.com          Website: www.severanconsultingsvc.com

Federal Tax I.D. Number: 72-1468144

**Employment:**

April, 1999-June, 1999 Throne Consulting Services

    1616 N. Claiborne Ave., New Orleans, LA 70116 (504) 949-5300

June, 1999-June, 2001 Jefferson Parish Appraisal Service, Inc.

    1821 Commercial Dr. Ste. #K, Harvey, LA 70059 (504) 340-7600

June 2001-Present, Severan Consulting Services

**Education:**

Graduate: Donaldson Education Services, Inc -Residential Commercial Appraiser, April, 1999

    60 Hours Real Estate Appraiser Principle and Practices

    60 Hours Applied Residential Valuation

    60 Hours Uniform Standards of Professional Appraisal Practice and Basic Income Capitalization Concepts

    60 Hours Residential Case Studies and URAR from Preparation

    30 Hours Advanced Income Capitalization Concepts and Applied Income Property Appraisal

    30 Hours Income Property Case Studies and Real Estate Investment Analysis

Graduate: Delgado Community College

Associate Degree in Business and Administration, December, 1998

    3 Hours Fundamentals of Accounting

    4 Hours Accounting 201

    4 Hours Accounting 202

    3 Hours Advertising

    3 Hours Business Communication

    3 Hours Business Law

    3 Hours Business Law II

    3 Hours Macroeconomics

    3 Hours Microeconomics

    3 Hours Management

    3 Hours Marketing

    3 Hours Personal Finance

    3 Hours Retailing

**Continuing Education, Appraisal:**

    10/06/2011-UAPAP- 7Hrs.

    10/06/2011 Law and Rules-1 Hrs.

    12/31/2011 -Appraising FHA Today-7 Hrs.

    12/31/2011- REO and Foreclosures-5 Hrs.

    12/31/2011- The Dirty Dozen-3 Hrs.

    12/31/2011- Foundation in Sustainability: Greening the Real Estate and Appraisal Industries-7 Hrs.

1132
CRA





State of Louisiana

Certified Residential Appraiser License

Having complied with the license requirements as set forth in in R.S. 1950 Title 37, Chapter 51, and Amendatory Acts, and the Real Estate Appraisers Board Rules and Regulations, a Certified Residential Appraiser License is hereby granted to         CAROL MIX-SEVERAN

In Testimony Whereof, This license has been issued by the Authority of the Louisiana Real Estate Appraisers Board.

Period Covered: 01      01   2012 Through 12      31   2013

Chairman                    License Number: R 1132

Gayle H. Boudreaux
Secretary

B6C (Official Form 6C) (4/13)

In re **Chase Reed DeHart** ,     Case No. _____
_____
                                    Debtor

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:     ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                    $155,675. *(Amount subject to adjustment on 4/1/16, and every three years thereafter*
☐ 11 U.S.C. §522(b)(2)                                                        *with respect to cases commenced on or after the date of adjustment.)*
■ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Real Property** | | | |
| **1340 Dr. Beatrous Road, Theriot, LA 70397** | **La. Const. Art. 12, § 9; LSA-R.S. § 20:1** | **35,000.00** | **157,000.00** |
| **Household Goods and Furnishings** | | | |
| **Household goods and furnishings** | **LSA-R.S. § 13:3881(A)(4)(a)** | **100%** | **7,000.00** |
| **Household goods and furnishings (Surrender any properly described household goods, furnishings, and other possessions legally pledged, liened and securitized; still in Debtor's possession)** | **LSA-R.S. § 13:3881(A)(4)(a)** | **100%** | **Unknown** |
| **Wearing Apparel** | | | |
| **Clothes** | **LSA-R.S. § 13:3881(A)(4)(a)** | **100%** | **1,200.00** |
| **Interests in Insurance Policies** | | | |
| **Transamerica Life Insurance** | **LSA-R.S. § 22:646; 22:647; 22:649; 22:912; 22:1015** | **100%** | **Unknown** |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| **2007 Saturn Aura** | **LSA-R.S. § 13:3881(A)(7)** | **7,500.00** | **5,000.00** |
| **Other Personal Property of Any Kind Not Already Listed** | | | |
| **Earned Income Credit** | **LSA-R.S. § 13:3881(A)(6)** | **100%** | **Unknown** |
| **Any and all social security-based benefits that I/we or a member of my/our immediate family are or become entitled to receive.** | **42 U.S.C.A. § 407** | **100%** | **Unknown** |
| **Possible FEMA Benefits** | **44 C.F.R. § 206.110(g)** | **100%** | **Unknown** |
| | Total: | **50,700.00** | **170,200.00** |

  **0**   continuation sheets attached to Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

B6D (Official Form 6D) (12/07)

In re **Chase Reed DeHart**                                        ,        Case No. _____

_____
Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. **xxxxxx3437** | | | Security Agreement | | | | | |
| Creditor #: 1 Cap1/Ymaha 26525 N Riverwoods Blvd Mettawa, IL 60045 | | - | 2 Four wheelers (surrendering) | | | | | |
| | | | Value $                2,657.00 | | | | 2,657.00 | 0.00 |
| Account No. **xxxxxxxx9419** | | | 1340 Dr. Beatrous Road, Theriot, LA 70397 | | | | | |
| Creditor #: 2 Chase 10790 Rancho Bernardo Rd San Diego, CA 92127 | | - | | | | | | |
| | | | Value $            157,000.00 | | | | 148,393.00 | 0.00 |
| Account No. **xxxxxxxxx4606** | | | Security Agreement | | | | | |
| Creditor #: 3 Chase Auto PO Box 901003 Ft Worth, TX 76101 | | - | 2014 Jeep Cherokee (Surrendering) | | | | | |
| | | | Value $              34,737.50 | | | | 32,994.00 | 0.00 |
| Account No. **xxxxx2603** | | | Security Agreement | | | | | |
| Creditor #: 4 Sheffield Fn 2554 Lewisville Clemmons Clemmons, NC 27012 | | - | Lawnmower (Surrendering) | | | | | |
| | | | Value $                3,085.00 | | | | 3,085.00 | 0.00 |

__0__ continuation sheets attached

| | | |
|---|---|---|
| Subtotal (Total of this page) | 187,129.00 | 0.00 |
| Total (Report on Summary of Schedules) | 187,129.00 | 0.00 |

B6E (Official Form 6E) (4/13)

In re   **Chase Reed DeHart**                                                    ,        Case No. _____
                                        Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

**0**   continuation sheets attached

B6F (Official Form 6F) (12/07)

In re  **Chase Reed DeHart** _____,  Case No. _____
                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | |
| Account No. 'xxxxxxx3187<br><br>**Creditor #: 1**<br>**Brclysbankde**<br>**125 S West St**<br>**Wilmington, DE 19801** | - | | | | Credit Card | | | | 2,980.00 |
| Account No. 'xxxxxxxx4385<br><br>**Creditor #: 2**<br>**Chase**<br>**PO Box 15298**<br>**Wilmington, DE 19850** | - | | | | Credit Card | | | | 5,573.00 |
| Account No.<br><br>**Chase Disney Visa**<br>**P.O. Box 16123**<br>**Wilmington, DE 19850** | | | | | Representing:<br>Chase | | | | Notice Only |
| Account No.<br><br>**Creditor #: 3**<br>**Chase**<br>**P.O. Box 15123**<br>**Wilmington, DE 19850-5123** | - | | | | Credit Card | | | | 3,206.35 |
| __1__  continuation sheets attached | | | | | Subtotal<br>(Total of this page) | | | | 11,759.35 |

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com
S/N:28611-150501    Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re **Chase Reed DeHart** _____,    Case No. _____
                              Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br>**Creditor #: 4**<br>**La Terre Federal Credit Union**<br>**701 Barrow Street**<br>**Houma, LA 70360** | - | | **Signature Loan** | | | | **4,027.00** |
| Account No. **'xxxxxxx5484**<br>**Creditor #: 5**<br>**Syncb/Wlmrtd**<br>**PO Box 965024**<br>**Orlando, FL 32896** | - | | **Credit Card** | | | | **7,658.00** |
| Account No.<br>**Wal Mart**<br>**P. O. Box 960024**<br>**Orlando, FL 32896** | | | **Representing:**<br>**Syncb/Wlmrtd** | | | | **Notice Only** |
| Account No. | | | | | | | |
| Account No. | | | | | | | |

Sheet no. __1__ of __1__ sheets attached to Schedule of                              Subtotal       | **11,685.00**
Creditors Holding Unsecured Nonpriority Claims                                  (Total of this page)

                                                                                       Total
                                                                      (Report on Summary of Schedules)       **23,444.35**

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                              Best Case Bankruptcy

B6G (Official Form 6G) (12/07)

In re _____**Chase Reed DeHart**_____,   Case No. _____
                              Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
| --- | --- |
|  |  |

**0**
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                                                  Best Case Bankruptcy

B6H (Official Form 6H) (12/07)

In re __Chase Reed DeHart_____ ,   Case No. _____

Debtor

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|

**0**
_____ continuation sheets attached to Schedule of Codebtors

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Chase Reed DeHart** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF LOUISIANA |
| Case number (If known) | |

Check if this is:

☐ An amended filing
☐ A supplement showing post-petition chapter 13 income as of the following date:

_____
MM / DD/ YYYY

## Official Form B 6I

# Schedule I: Your Income                                    12/13

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:       Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| | Employment status | ■ Employed  ☐ Not employed | ☐ Employed  ☐ Not employed |
| | Occupation | **Commercial Fishermen** | |
| | Employer's name | **Dolphin Services, LLC** | |
| | Employer's address | **Post Office Box DSI  400 Thompson Road  Houma, LA 70361** | |
| | How long employed there? | **3 weeks** | |

### Part 2:       Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $ **5,200.00** | $ **N/A** |
| 3. | Estimate and list monthly overtime pay. | 3. | +$ **0.00** | +$ **N/A** |
| 4. | Calculate gross income. Add line 2 + line 3. | 4. | $ **5,200.00** | $ **N/A** |

Debtor 1    **Chase Reed DeHart**            Case number (*if known*)

|  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| Copy line 4 here | 4. | $ 5,200.00 | $ N/A |

**5. List all payroll deductions:**

|  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 5a. Tax, Medicare, and Social Security deductions | 5a. | $ 832.00 | $ N/A |
| 5b. Mandatory contributions for retirement plans | 5b. | $ 0.00 | $ N/A |
| 5c. Voluntary contributions for retirement plans | 5c. | $ 0.00 | $ N/A |
| 5d. Required repayments of retirement fund loans | 5d. | $ 0.00 | $ N/A |
| 5e. Insurance | 5e. | $ 0.00 | $ N/A |
| 5f. Domestic support obligations | 5f. | $ 0.00 | $ N/A |
| 5g. Union dues | 5g. | $ 0.00 | $ N/A |
| 5h. Other deductions. Specify: | 5h.+ | $ 0.00 + | $ N/A |

**6. Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h.

| | 6. | $ 832.00 | $ N/A |
|---|---|---|---|

**7. Calculate total monthly take-home pay.** Subtract line 6 from line 4.

| | 7. | $ 4,368.00 | $ N/A |
|---|---|---|---|

**8. List all other income regularly received:**

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 8a. **Net income from rental property and from operating a business, profession, or farm** Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ 461.33 | $ N/A |
| 8b. **Interest and dividends** | 8b. | $ 0.00 | $ N/A |
| 8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive** Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 0.00 | $ N/A |
| 8d. **Unemployment compensation** | 8d. | $ 0.00 | $ N/A |
| 8e. **Social Security** | 8e. | $ 0.00 | $ N/A |
| 8f. **Other government assistance that you regularly receive** Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: | 8f. | $ 0.00 | $ N/A |
| 8g. **Pension or retirement income** | 8g. | $ 0.00 | $ N/A |
| 8h. **Other monthly income. Specify:**   Fiance Contribution | 8h.+ | $ 400.00 + | $ N/A |

**9. Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h.

| | 9. | $ 861.33 | $ N/A |
|---|---|---|---|

**10. Calculate monthly income.** Add line 7 + line 9.
Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

| | 10. | $ 5,229.33 | + $ N/A | = $ 5,229.33 |
|---|---|---|---|---|

**11. State all other regular contributions to the expenses that you list in Schedule J.**
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*
Specify:

| | 11. | +$ 0.00 |
|---|---|---|

**12. Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data,* if it applies

| | 12. | $ 5,229.33 |
|---|---|---|

**Combined monthly income**

**13. Do you expect an increase or decrease within the year after you file this form?**

■ No.

☐ Yes. Explain:

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Chase Reed DeHart** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF LOUISIANA |
| Case number (If known) | |

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

☐ A separate filing for Debtor 2 because Debtor 2 maintains a separate household

## Official Form B 6J
## Schedule J: Your Expenses                                    12/13

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Your Household

1. **Is this a joint case?**

   ■ No. Go to line 2.

   ☐ Yes. **Does Debtor 2 live in a separate household?**

      ☐ No
      ☐ Yes. Debtor 2 must file a separate Schedule J.

2. **Do you have dependents?**   ☐ No

   Do not list Debtor 1 and Debtor 2.

   ■ Yes. Fill out this information for each dependent..............

   Do not state the dependents' names.

| | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|---|
| | **Son** | **8 months** | ☐ No  ■ Yes |
| | **Daughter** | **7** | ■ No  ☐ Yes |
| | **Fiance's son** | **7** | ☐ No  ■ Yes |
| | **Girlfriend No contribution** | **26** | ☐ No  ■ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**

   ■ No
   ☐ Yes

### Part 2:    Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 6I.)

| | | | Your expenses |
|---|---|---|---|

4. The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot.    4. $ **1,111.89**

   **If not included in line 4:**

   | 4a. | Real estate taxes | 4a. $ | **0.00** |
   |---|---|---|---|
   | 4b. | Property, homeowner's, or renter's insurance | 4b. $ | **0.00** |
   | 4c. | Home maintenance, repair, and upkeep expenses | 4c. $ | **0.00** |
   | 4d. | Homeowner's association or condominium dues | 4d. $ | **0.00** |

5. **Additional mortgage payments for your residence,** such as home equity loans    5. $ **0.00**

Debtor 1    __Chase Reed DeHart_____    Case number (if known) _____

| | | | | |
|---|---|---|---|---|
| 6. | **Utilities:** | | | |
| | 6a. | Electricity, heat, natural gas | 6a. $ | **450.00** |
| | 6b. | Water, sewer, garbage collection | 6b. $ | **100.00** |
| | 6c. | Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | **150.00** |
| | 6d. | Other. Specify: | 6d. $ | **0.00** |
| 7. | **Food and housekeeping supplies** | | 7. $ | **1,082.00** |
| 8. | **Childcare and children's education costs** | | 8. $ | **300.00** |
| 9. | **Clothing, laundry, and dry cleaning** | | 9. $ | **236.00** |
| 10. | **Personal care products and services** | | 10. $ | **70.00** |
| 11. | **Medical and dental expenses** | | 11. $ | **150.00** |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. | | 12. $ | **450.00** |
| | Do not include car payments. | | | |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | | 13. $ | **0.00** |
| 14. | **Charitable contributions and religious donations** | | 14. $ | **0.00** |
| 15. | **Insurance.** | | | |
| | Do not include insurance deducted from your pay or included in lines 4 or 20. | | | |
| | 15a. | Life insurance | 15a. $ | **96.00** |
| | 15b. | Health insurance | 15b. $ | **0.00** |
| | 15c. | Vehicle insurance | 15c. $ | **309.00** |
| | 15d. | Other insurance. Specify: | 15d. $ | **0.00** |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. | | | |
| | Specify: | | 16. $ | **0.00** |
| 17. | **Installment or lease payments:** | | | |
| | 17a. | Car payments for Vehicle 1 | 17a. $ | **0.00** |
| | 17b. | Car payments for Vehicle 2 | 17b. $ | **0.00** |
| | 17c. | Other. Specify: | 17c. $ | **0.00** |
| | 17d. | Other. Specify: | 17d. $ | **0.00** |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, Schedule I, Your Income (Official Form 6I).** | | 18. $ | **450.00** |
| 19. | **Other payments you make to support others who do not live with you.** | | $ | **0.00** |
| | Specify: | | 19. | |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on Schedule I: Your Income.** | | | |
| | 20a. | Mortgages on other property | 20a. $ | **0.00** |
| | 20b. | Real estate taxes | 20b. $ | **0.00** |
| | 20c. | Property, homeowner's, or renter's insurance | 20c. $ | **0.00** |
| | 20d. | Maintenance, repair, and upkeep expenses | 20d. $ | **0.00** |
| | 20e. | Homeowner's association or condominium dues | 20e. $ | **0.00** |
| 21. | **Other:** Specify: __Misc./housekeeping/supplies__ | | 21. +$ | **250.00** |
| 22. | **Your monthly expenses.** Add lines 4 through 21. | | 22. $ | **5,204.89** |
| | The result is your monthly expenses. | | | |
| 23. | **Calculate your monthly net income.** | | | |
| | 23a. | Copy line 12 (your combined monthly income) from Schedule I. | 23a. $ | **5,229.33** |
| | 23b. | Copy your monthly expenses from line 22 above. | 23b. -$ | **5,204.89** |
| | 23c. | Subtract your monthly expenses from your monthly income. The result is your monthly net income. | 23c. $ | **24.44** |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

■ No.
☐ Yes.
Explain: _____

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## Eastern District of Louisiana

In re    **Chase Reed DeHart**                      Case No. _____

                                               Debtor(s)           Chapter    **7** _____

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

        I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __**36**__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date    **June 16, 2015** _____         Signature    **/s/ Chase Reed DeHart** _____

                                                              **Chase Reed DeHart**
                                                              Debtor

*Penalty for making a false statement or concealing property:*   Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

B7 (Official Form 7) (04/13)

# United States Bankruptcy Court
## Eastern District of Louisiana

In re **Chase Reed DeHart**

Debtor(s)

Case No. _____

Chapter **7**

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

---

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $925.10 | 2015 YTD: Dolphin Services, LLC |
| $18,031.00 | 2014: Income |
| $9,687.00 | 2013: Business Income |

---

**2. Income other than from employment or operation of business**

None
■

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                              SOURCE

B7 (Official Form 7) (04/13)

2

### 3. Payments to creditors

None
☐

*Complete a. or b., as appropriate, and c.*

a.   *Individual or joint debtor(s) with primarily consumer debts:*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS<br>OF CREDITOR | DATES OF<br>PAYMENTS | AMOUNT PAID | AMOUNT STILL<br>OWING |
|---|---|---|---|
| **Chase**<br>**10790 Rancho Bernardo Rd**<br>**San Diego, CA 92127** | **March 1, 2015**<br>**April 1, 2015**<br>**May 1, 2015** | **$3,335.60** | **$148,393.00** |
| **Chase Auto**<br>**PO Box 901003**<br>**Ft Worth, TX 76101** | **March 1, 2015**<br>**April 1, 2015**<br>**May 1, 2015** | **$1,609.20** | **$32,994.00** |

None
■

b.   *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF<br>PAYMENTS/<br>TRANSFERS | AMOUNT<br>PAID OR<br>VALUE OF<br>TRANSFERS | AMOUNT STILL<br>OWING |
|---|---|---|---|

None
■

c.   *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND<br>RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL<br>OWING |
|---|---|---|---|

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None
■

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT<br>AND CASE NUMBER | NATURE OF<br>PROCEEDING | COURT OR AGENCY<br>AND LOCATION | STATUS OR<br>DISPOSITION |
|---|---|---|---|

None
■

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE<br>BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF<br>PROPERTY |
|---|---|---|

*  *Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B7 (Official Form 7) (04/13)
3

**5. Repossessions, foreclosures and returns**

None ■
List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

**6. Assignments and receiverships**

None ■
a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

None ■
b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |

**7. Gifts**

None ■
List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |

**8. Losses**

None ■
List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

**9. Payments related to debt counseling or bankruptcy**

None ☐
List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |
| **Kirkpatrick and Associates, LLC**<br>**3501 N. Causeway Blvd., Ste# 750**<br>**Metairie, LA 70002** | | **$2,165.00** |

B7 (Official Form 7) (04/13)
4

**10. Other transfers**

None ■ a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None ■ b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11. Closed financial accounts**

None ■ List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

**12. Safe deposit boxes**

None ■ List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13. Setoffs**

None ■ List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14. Property held for another person**

None ■ List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

**15. Prior address of debtor**

None ☐ If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

B7 (Official Form 7) (04/13)
5

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| **2475 Bayou Dularge Road, Theriot, LA 70397** | **Chase Dehart** | **09/02/1990-02/2013** |

---

**16. Spouses and Former Spouses**

None ☐ If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME
**Megan Messmer**

---

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None ■ a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ■ b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ■ c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

---

**18 . Nature, location and name of business**

None ■ a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

B7 (Official Form 7) (04/13)
6

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|

None ■  b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|------|------|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement* **only** *if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None ■  a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|------|------|

None ■  b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|------|------|------|

None ■  c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|------|------|

None ■  d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|------|------|

**20. Inventories**

None ■  a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|------|------|------|

None ■  b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|------|------|

B7 (Official Form 7) (04/13)

7

### 21 . Current Partners, Officers, Directors and Shareholders

**None**
■

a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

**None**
■

b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

### 22 . Former partners, officers, directors and shareholders

**None**
■

a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

**None**
■

b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

### 23 . Withdrawals from a partnership or distributions by a corporation

**None**
■

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 24. Tax Consolidation Group.

**None**
■

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

### 25. Pension Funds.

**None**
■

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

* * * * * *

B7 (Official Form 7) (04/13)
8

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.


Date   **June 16, 2015**                          Signature   **/s/ Chase Reed DeHart**

                                                              **Chase Reed DeHart**

                                                              Debtor


*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

B8 (Form 8) (12/08)

# United States Bankruptcy Court
## Eastern District of Louisiana

In re **Chase Reed DeHart** _____   Case No. _____

_____ Debtor(s)   Chapter **7** _____

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A -** Debts secured by property of the estate. (Part A must be fully completed for **EACH** debt which is secured by property of the estate. Attach additional pages if necessary.)

| Property No. 1 | |
|---|---|
| **Creditor's Name:**<br>**Cap1/Ymaha** | **Describe Property Securing Debt:**<br>**2 Four wheelers (surrendering)** |

Property will be (check one):
   ■ Surrendered          □ Retained

If retaining the property, I intend to (check at least one):
   □ Redeem the property
   □ Reaffirm the debt
   □ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
   □ Claimed as Exempt          ■ Not claimed as exempt

| Property No. 2 | |
|---|---|
| **Creditor's Name:**<br>**Chase** | **Describe Property Securing Debt:**<br>**1340 Dr. Beatrous Road, Theriot, LA 70397** |

Property will be (check one):
   □ Surrendered          ■ Retained

If retaining the property, I intend to (check at least one):
   □ Redeem the property
   ■ Reaffirm the debt
   □ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
   ■ Claimed as Exempt          □ Not claimed as exempt

B8 (Form 8) (12/08)                                                                                        Page 2

| Property No. 3 | |
|---|---|
| **Creditor's Name:**<br>**Chase Auto** | **Describe Property Securing Debt:**<br>**2014 Jeep Cherokee (Surrendering)** |

Property will be (check one):
■ Surrendered                        ☐ Retained

If retaining the property, I intend to (check at least one):
☐ Redeem the property
☐ Reaffirm the debt
☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
☐ Claimed as Exempt                        ■ Not claimed as exempt

| Property No. 4 | |
|---|---|
| **Creditor's Name:**<br>**Sheffield Fn** | **Describe Property Securing Debt:**<br>**Lawnmower (Surrendering)** |

Property will be (check one):
■ Surrendered                        ☐ Retained

If retaining the property, I intend to (check at least one):
☐ Redeem the property
☐ Reaffirm the debt
☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
☐ Claimed as Exempt                        ■ Not claimed as exempt

**PART B** - Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br>**-NONE-** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ YES              ☐ NO |

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date  __June 16, 2015__                    Signature    __/s/ Chase Reed DeHart__
                                                         **Chase Reed DeHart**
                                                         Debtor

# United States Bankruptcy Court
## Eastern District of Louisiana

In re    **Chase Reed DeHart**

Debtor(s)

Case No.

Chapter    **7**

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.   Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | **2,165.00** |
| Prior to the filing of this statement I have received | $ | **2,165.00** |
| Balance Due | $ | **0.00** |

2.   $ **335.00**   of the filing fee has been paid.

3.   The source of the compensation paid to me was:

   ■ Debtor    ☐ Other (specify):

4.   The source of compensation to be paid to me is:

   ■ Debtor    ☐ Other (specify):

5.   ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6.   In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d.  [Other provisions as needed]

7.   By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

---

### CERTIFICATION

   I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:    **June 16, 2015**

**/s/ Timothy P. Kirkpatrick,**
**Timothy P. Kirkpatrick, 20251/ Mark Needham, 9914**
**Kirkpatrick and Associates, LLC**
**3501 N. Causeway Blvd., Ste# 750**
**Metairie, LA 70002**
**504-828-3311  Fax: 504-828-3314**
**kirkpatrick@kirkpatrick-law.com**

---

B 201A (Form 201A) (6/14)

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF LOUISIANA

## NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $75 administrative fee, $15 trustee surcharge: Total Fee $335)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $75 administrative fee: Total Fee $310)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over

Form B 201A, Notice to Consumer Debtor(s)                                                                                     Page 2

a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

   Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

   After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### <u>Chapter 11</u>: Reorganization ($1,167 filing fee, $550 administrative fee: Total Fee $1,717)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### <u>Chapter 12</u>: Family Farmer or Fisherman ($200 filing fee, $75 administrative fee: Total Fee $275)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. <u>Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials</u>

   A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court. The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

B 201A (Form 201A) (6/14)

B 201B (Form 201B) (12/09)

# United States Bankruptcy Court
## Eastern District of Louisiana

In re   **Chase Reed DeHart**                Case No.
_____
                                         Debtor(s)     Chapter    **7**

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

| **Chase Reed DeHart** | X | **/s/ Chase Reed DeHart** | **June 16, 2015** |
|---|---|---|---|
| Printed Name(s) of Debtor(s) | | Signature of Debtor | Date |
| Case No. (if known) _____ | X | _____ | |
| | | Signature of Joint Debtor (if any) | Date |

---

**Instructions:** Attach a copy of Form B 201 A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

# United States Bankruptcy Court
## Eastern District of Louisiana

In re   **Chase Reed DeHart** _____   Case No. _____
                                    Debtor(s)       Chapter   **7** _____

# VERIFICATION OF CREDITOR MATRIX

The above-named Debtor hereby verifies that the attached list of creditors is true and correct to the best of his/her knowledge.

Date:   **June 16, 2015** _____      **/s/ Chase Reed DeHart** _____
                                                **Chase Reed DeHart**
                                                Signature of Debtor

Chase Rea DeHart
1340 Dr. Beatrous Road
Theriot, LA 70397

Synchrony Bank
PO Box 965024
Orlando, FL 32896

.

Brclysbankde
125 S West St
Wilmington, DE 19801

Wal Mart
P. O. Box 960024
Orlando, FL 32896

Cap1/Ymaha
26525 N Riverwoods Blvd
Mettawa, IL 60045

Chase
PO Box 15298
Wilmington, DE 19850

Chase
10790 Rancho Bernardo Rd
San Diego, CA 92127

Chase
P.O. Box 15123
Wilmington, DE 19850-5123

Chase Auto
PO Box 901003
Ft Worth, TX 76101

Chase Disney Visa
P.O. Box 16123
Wilmington, DE 19850

La Terre Federal Credit Union
701 Barrow Street
Houma, LA 70360

Sheffield Fn
2554 Lewisville Clemmons
Clemmons, NC 27012

<table>
<tr><td>

**Fill in this information to identify your case:**

Debtor 1    **Chase Reed DeHart**

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:   Eastern District of Louisiana

Case number
(if known)

</td><td>

**Check one box only as directed in this form and in Form 22A-1Supp:**

☒ 1. There is no presumption of abuse

☐ 2. The calculation to determine if a presumption of abuse applies will be made under *Chapter 7 Means Test Calculation* (Official Form 22A-2).

☐ 3. The Means Test does not apply now because of qualified military service but it could apply later.

☐ Check if this is an amended filing

</td></tr>
</table>

# Official Form 22A - 1
# Chapter 7 Statement of Your Current Monthly Income
12/14

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known). If you believe that you are exempted from a presumption of abuse because you do not have primarily consumer debts or because of qualifying military service, complete and file *Statement of Exemption from Presumption of Abuse Under § 707(b)(2)* (Official Form 22A-1Supp) with this form.

| Part 1: | Calculate Your Current Monthly Income |
|---|---|

1. **What is your marital and filing status?** Check one only.

    ☒ **Not married**. Fill out Column A, lines 2-11.

    ☐ **Married and your spouse is filing with you.** Fill out both Columns A and B, lines 2-11.

    ☐ **Married and your spouse is NOT filing with you. You and your spouse are:**

        ☐ **Living in the same household and are not legally separated.** Fill out both Columns A and B, lines 2-11.

        ☐ **Living separately or are legally separated.** fill out Column A, lines 2-11; do not fill out Column B. By checking this box, you declare under penalty of perjury that you and your spouse are legally separated under nonbankruptcy law that applies or that you and your spouse are living apart for reasons that do not include evading the Means Test requirements. 11 U.S.C § 707(b)(7)(B).

**Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case.** 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

| | | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|---|
| 2. | **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $ 0.00 | $ |
| 3. | **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | $ 0.00 | $ |
| 4. | **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Include regular contributions from a spouse only if Column B is not filled in. Do not include payments you listed on line 3. | $ 0.00 | $ |

5. **Net income from operating a business, profession, or farm**

| | Column A Debtor 1 | | Column B |
|---|---|---|---|
| Gross receipts (before all deductions) | $ 691.50 | | |
| Ordinary and necessary operating expenses | -$ 230.17 | | |
| Net monthly income from a business, profession, or farm | $ 461.33 | Copy here -> $ 461.33 | $ |

6. **Net income from rental and other real property**

| | Column A Debtor 1 | | Column B |
|---|---|---|---|
| Gross receipts (before all deductions) | $ 0.00 | | |
| Ordinary and necessary operating expenses | -$ 0.00 | | |
| Net monthly income from rental or other real property | $ 0.00 | Copy here -> $ 0.00 | $ |

| 7. | **Interest, dividends, and royalties** | $ 0.00 | $ |
|---|---|---|---|

| Debtor 1 | **Chase Reed DeHart** | Case number (*if known*) | |

| | | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|---|
| 8. | **Unemployment compensation** | $ 0.00 | $ |
| | Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here: | | |
| | For you $ 0.00 | | |
| | For your spouse $ | | |
| 9. | **Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act. | $ 0.00 | $ |
| 10. | **Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism. If necessary, list other sources on a separate page and put the total on line 10c. | | |
| | 10a. **Fiance Contribution** | $ 400.00 | $ |
| | 10b. | $ 0.00 | $ |
| | 10c. Total amounts from separate pages, if any. | + $ 0.00 | $ |
| 11. | **Calculate your total current monthly income.** Add lines 2 through 10 for each column. Then add the total for Column A to the total for Column B. | $ 861.33 | + $ |

= $ 861.33

**Total current monthly income**

---

**Part 2:**    Determine Whether the Means Test Applies to You

12. **Calculate your current monthly income for the year.** Follow these steps:

12a. Copy your total current monthly income from line 11 .......... **Copy line 11 here=>**    12a. $ 861.33

Multiply by 12 (the number of months in a year)    **x 12**

12b. The result is your annual income for this part of the form    12b. $ 10,335.96

13. **Calculate the median family income that applies to you.** Follow these steps:

Fill in the state in which you live.    **LA**

Fill in the number of people in your household.    **5**

Fill in the median family income for your state and size of household.    13. $ 82,109.00

14. **How do the lines compare?**

14a. ■    Line 12b is less than or equal to line 13. On the top of page 1, check box 1, *There is no presumption of abuse.* Go to Part 3.

14b. ☐    Line 12b is more than line 13. On the top of page 1, check box 2, *The presumption of abuse is determined by Form 22A-2.* Go to Part 3 and fill out Form 22A-2.

**Part 3:**    Sign Below

By signing here, I declare under penalty of perjury that the information on this statement and in any attachments is true and correct.

X **/s/ Chase Reed DeHart**

**Chase Reed DeHart**
Signature of Debtor 1

Date **June 16, 2015**
MM / DD / YYYY

If you checked line 14a, do NOT fill out or file Form 22A-2.

If you checked line 14b, fill out Form 22A-2 and file it with this form.

---

Official Form 22A-1    Chapter 7 Statement of Your Current Monthly Income    page 2